# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

MARNIE WATTS, Individually and
on behalf of Others similarly situated,

    Plaintiff,

v.                                          CASE NO.

ART OF DERMATOLOGY, LLC,
CHETHANA GOTTAM, individually, and
VIKRAM GOTTAM, individually.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MARNIE WATTS, on behalf of herself and those similarly situated, by and through undersigned counsel, and hereby sues the Defendants, ART OF DERMATOLOGY, LLC, CHETHANA GOTTAM and VIKRAM GOTTAM, by bringing an action for unpaid compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Plaintiff, on behalf of herself and others similarly situated also brings claims under Section 24, Article X of the Florida Constitution, F.S. §444.08 and breach of contract and alleges as follows:

### PARTIES, VENUE, JURISDICTION

1.    Defendant, ART OF DERMATOLOGY, LLC, is a Foreign Limited

Liability Company that operates and conducts business in Collier County, Florida and is therefore within the jurisdiction of this Court.

2. Defendant CHETHANA GOTTAM is an individual over the age of 18 and is otherwise *sui juris* and resides in Birmingham, Michigan, and who at all times relevant hereto, owned, directed and controlled ART OF DERMATOLOGY, LLC's operations in Collier County, Florida.

3. Defendant VIKRAM GOTTAM is an individual over the age of 18 and is otherwise *sui juris* and resides in Birmingham, Michigan, and who at all times relevant hereto, owned, directed and controlled ART OF DERMATOLOGY, LLC's operations in Collier County, Florida.

4. This action is brought under the FLSA to recover from Defendants unpaid compensation, overtime, liquidated damages, breach of contract and reasonable attorneys' fees and costs and other fees arising from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*; Section 24, Article X of the Florida Constitution, and F.S. §448.08. This action is intended to include each and every employee who worked for the Defendant at any time within the past two years.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337, 28 U.S.C. §1332 and §28 U.S.C. 1367.

6. At all times relevant to this action, Defendant, ART OF

DERMATOLOGY, LLC, was an enterprise covered by FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

7. At all times relevant to this action, Defendant CHETHANA GOTTAM was an individual resident of the State of Michigan, who owned and operated ART OF DERMATOLOGY, LLC's operations in Collier County, Florida, and who regularly exercised the authority to: (a) hire and fire employees of ART OF DERMATOLOGY, LLC; (b) determine work schedules for employees of ART OF DERMATOLOGY, LLC; and (c) control the finances and operations of ART OF DERMATOLOGY, LLC. By virtue of having regularly exercised that authority on behalf of ART OF DERMATOLOGY, LLC, CHETHANA GOTTAM is an employer as defined by 29 U.S.C. 201 *et seq.*

8. At all times relevant to this action, Defendant VIKRAM GOTTAM was an individual resident of the State of Michigan, who owned and operated ART OF DERMATOLOGY, LLC's operations in Collier County, Florida, and who regularly exercised the authority to: (a) hire and fire employees of ART OF DERMATOLOGY, LLC; (b) determine work schedules for employees of ART OF DERMATOLOGY, LLC; and (c) control the finances and operations of ART OF DERMATOLOGY, LLC. By virtue of having regularly exercised that authority on behalf of ART OF DERMATOLOGY, LLC, VIKRAM GOTTAM is an employer as defined by 29 U.S.C. 201 *et seq.*

9. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209, because Plaintiff, and those similarly situated, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated.

10. During her employment with Defendants, Plaintiff, and those similarly situated, were not paid their regular rate of pay for all hours worked.

11. During her employment with Defendants, Plaintiff, and those similarly situated, were not paid for hours worked, including, but not limited to, hours Plaintiff, and those similarly situated, worked prior to the contracted date.

12. During her employment with Defendants, Plaintiff, and those similarly situated, worked more than forty (40) hours per week and were not paid one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per week.

13. During her employment with Defendants, Plaintiff entered into both oral and written contracts that Defendants failed to honor. **(See composite Exhibit "A")**

## COUNT I
## FAIR LABOR STANDARDS ACT

14. Plaintiff, and those similarly situated, incorporate, and readopt the allegations contained in paragraphs 1 through 13 as if they were fully set forth

herein.

15. Defendants entered into an employment contract on July 26, 2022, that officially employed Plaintiff starting October 1, 2022.

16. Pursuant to the employment contract, Plaintiff's compensation rate was $75,000 per year or approximately $36.06 per hour. Plaintiff often worked seven (7) days per week, regularly worked twelve (12) hours per day, but was compensated for only forty (40) hours per week.

17. Plaintiff, and those similarly situated, were entitled to be paid their regular rate of pay for each hour worked. During their employment with Defendants, Plaintiff, and those similarly situated, regularly worked hours that they were not paid for.

18. Despite Plaintiff's employment contract, Plaintiff began working on July 28, 2022, but was not compensated for any hours worked until October 1, 2022.

19. Plaintiff worked seventy-three (73) hours between July 28, 2022, and September 30, 2022, but was never compensated.

20. The Plaintiff, and those similarly situated, during their employment with Defendants, worked more than forty (40) hours per week but were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

21. Plaintiff worked five hundred sixty-nine and 9/10 hours (569.9) hours

of unpaid overtime from October 1, 2022, through April 17, 2023.

22. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated, their regular rate of pay for each our worked and overtime wages, Plaintiff, and those similarly situated have suffered damages which they are entitled to recover, including reasonable attorneys' fees and costs.

23. As a result of Defendants' willful violation of the FLSA, Plaintiff and those similarly situated are entitled to liquidated damages.

**WHEREFORE**, Plaintiff, and those similarly situated, demand judgment against Defendants, ART OF DERMATOLOGY, LLC, CHETHANA GOTTAM and VIKRAM GOTTAM, jointly and severally, for the payment of all unpaid wages at the regular rate of pay for the hours worked by them and overtime wages at one and one-half times their regular rate of pay for which defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## VIOLATION OF SECTION 24, ARTICLE X
## OF THE FLORIDA CONSTITUTION

24. Plaintiff, and those similarly situated, incorporate, and readopt the allegations contained in paragraphs 1 through 13 as if they were fully set forth

herein.

25. Effective September 30, 2021, the Florida Constitution required all employers in the State of Florida subject the FLSA to pay their employees at a minimum of $10.00 per hour, and increase each September 30th thereafter by $1.00 per hour, until the Minimum Wage reaches $15.00 per hour on September 30th, 2026.

26. Defendants employed Plaintiff from July 27, 2022, through April 17, 2023.

27. Plaintiff worked between July 27, 2022, through October 1, 2022, but was not compensated at all.

28. Starting on or about October 1, 2022, through April 17, 2023, Plaintiff often worked seven (7) days per week, worked approximately sixty hours (60) per week, but was compensated only for only forty (40) hours per week.

29. Defendants failed to pay Plaintiff, and those similarly situated, the minimum wage for all hours worked required by Section 24, Article X of the Florida Constitution during the time of their employment.

**WHEREFORE**, Plaintiff, and those similarly situated, demand judgment against Defendants, ART OF DERMATOLOGY, LLC, CHETHANA GOTTAM and VIKRAM GOTTAM, jointly and severally, for unpaid compensation, liquidated damages, reasonable attorneys' fees, and costs incurred in this action,

and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## FAILURE OF DEFENDANTS TO PAY WAGES DUE
## AND OWING PLAINTIFF – F.S. 448

30. Plaintiff, and those similarly situated, incorporate, and readopt the allegations contained in paragraphs 1 through 13 as if they were fully set forth herein.

31. Defendants employed Plaintiff from July 2022, through April 17, 2023.

32. Plaintiff, and those similarly situated, worked during the relevant time in the reasonable expectation of receiving wages.

33. Defendants failed to pay those wages to Plaintiff, and those similarly situated.

34. Plaintiff's attorney sent a letter demanding payment of unpaid wages to Defendant on September 27, 2023, pursuant to F.S. § 448.110. See **Exhibit "B."**

35. Defendants are therefore indebted to Plaintiff, and those similarly situated, for unpaid wages, and upon prevailing in this matter, will be indebted to the Plaintiff in the amount of attorneys' fees and costs the Plaintiff incurs in bringing this action as defined in F. S. § 448.08.

**WHEREFORE**, Plaintiff, and those similarly situated, demand judgment against Defendants, ART OF DERMATOLOGY, LLC, CHETHANA GOTTAM and VIKRAM GOTTAM, jointly and severally, for unpaid compensation,

liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV
## BREACH OF CONTRACT (FAILURE TO PAY WAGES)

36.   Plaintiff, and those similarly situated, incorporate, and readopt the allegations contained in paragraphs 1 through 13 as if they were fully set forth herein.

37.   Plaintiff, and those similarly situated, entered into a contract for employment which provided that Plaintiff, and those similarly situated would be compensated for all hours worked at their prescribed rate of pay, plus overtime pay for all hours worked in excess of forty (40) hours per week.

38.   Plaintiff, and those similarly situated, performed all her/their obligations pursuant to the written contract.

39.   Defendants breached the contract by not compensating Plaintiff, and those similarly situated, overtime wages for all hours worked in excess of forty (40) hours per week.

40.   Defendants breached the contract by not compensating Plaintiff, and those similarly situated, at the regular rate of pay for all hours worked.

41.   As a result of Defendants' breach of contract, Plaintiff, and those similarly situated, have suffered damages.

42.   Plaintiff, and those similarly situated, have incurred, and will

continue to incur attorneys' fees and other costs and are entitled to receive same from Defendant.

**WHEREFORE**, Plaintiff, and those similarly situated, demand judgment against Defendant, ART OF DERMATOLOGY, LLC, CHETHANA GOTTAM and VIKRAM GOTTAM, jointly and severally, for unpaid compensation, overtime compensation, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT V
## BREACH OF CONTRACT (FINDER'S FEE)

43. Plaintiff, and those similarly situated, incorporate, and readopt the allegations contained in paragraphs 1 through 13 as if they were fully set forth herein.

44. Plaintiff performed all her obligations pursuant to the oral contract.

45. Plaintiff and Defendants had numerous written communication confirming the agreement that Plaintiff would be compensated for recruiting a medical provider for the Defendants.

46. Defendants breached the contract by not compensating Plaintiff an agreed bonus for recruiting a provider into the practice.

47. Defendants breached the contract by not compensating Plaintiff at the agreed rate of $5,000.00 bonus per recruitment.

48. As a result of Defendants' breach of contract, Plaintiff has suffered

damages.

49. Plaintiff has incurred, and will continue to incur attorneys' fees and other costs and are entitled to receive same from Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants, ART OF DERMATOLOGY, LLC, CHETHANA GOTTAM and VIKRAM GOTTAM, jointly and severally, for breach of contract, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT V
## BREACH OF CONTRACT (HEALTH INSURANCE)

50. Plaintiff, and those similarly situated, incorporate, and readopt the allegations contained in paragraphs 1 through 13 as if they were fully set forth herein.

51. Plaintiff, and those similarly situated, paid employer for health insurance premiums pursuant to a health insurance plan offered by Defendant ART OF DERMATOLOGY, LLC

52. Plaintiff performed all her obligations pursuant to the oral contract.

53. Defendant ART OF DERMATOLOGY, LLC breached the contract by not submitting payments to the health insurance plan/carrier/administrator for the insurance premiums paid by Plaintiff through payroll deductions.

54. As a result of Defendant ART OF DERMATOLOGY, LLC's breach of

contract, Plaintiff had to pay for medical expenses out of her own pocket as the health insurance policy provided by Defendant ART OF DERMATOLOGY, LLC lapsed because Defendant ART OF DERMATOLOGY, LLC did not timey submit the premium payments pursuant to the health insurance plan, despite the fact that Plaintiff, and those similarly situated had substantial amounts withheld from their compensation that was intended to be sent to the health insurance plan/carrier/administrator.

55. Defendant ART OF DERMATOLOGY, LLC deducted $560.90 from Plaintiff, and those similarly situated but kept the funds instead of paying the health insurance premium.

56. Additionally, Plaintiff had to pay $1,640.00 out of her own pocket for prescription medicines/supplies.

57. Defendant ART OF DERMATOLOGY, LLC reimbursed Plaintiff $290.00. As such, Plaintiff was damaged in the amount of $1,910.04.

58. As a result of Defendant ART OF DERMATOLOGY, LLC 's breach of contract, Plaintiff has suffered damages.

59. Plaintiff has incurred and will continue to incur attorneys' fees and other costs and are entitled to receive same from Defendant ART OF DERMATOLOGY, LLC

**WHEREFORE**, Plaintiff demands judgment against Defendant, ART OF

DERMATOLOGY, LLC, for breach of contract, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff, and those similarly situated, demand a trial by jury on all issues so triable.

Date: <u>November 01, 2023</u>.　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　**PARRISH & GOODMAN, PLLC**

　　　　　　　　　　　　　　　　　　　*/s/ Robert H. Goodman, Esq.*
　　　　　　　　　　　　　　　　　　　ROBERT H. GOODMAN, ESQ.
　　　　　　　　　　　　　　　　　　　FBN: 1008059
　　　　　　　　　　　　　　　　　　　JOSEPH E. PARRISH, ESQ.
　　　　　　　　　　　　　　　　　　　FBN: 690058
　　　　　　　　　　　　　　　　　　　MEGAN E. SHAW, ESQ.
　　　　　　　　　　　　　　　　　　　FBN: 103174
　　　　　　　　　　　　　　　　　　　Parrish & Goodman, PLLC
　　　　　　　　　　　　　　　　　　　13031 McGregor Blvd., STE 8
　　　　　　　　　　　　　　　　　　　Fort Myers, FL 33919
　　　　　　　　　　　　　　　　　　　Phone: (813) 643-4529
　　　　　　　　　　　　　　　　　　　Facsimile: (813) 315-6535
　　　　　　　　　　　　　　　　　　　rgoodman@parrishgoodman.com
　　　　　　　　　　　　　　　　　　　mshaw@parrishgoodman.com
　　　　　　　　　　　　　　　　　　　jparrish@parrishgoodman.com
　　　　　　　　　　　　　　　　　　　kcumbee@parrishgoodman.com
　　　　　　　　　　　　　　　　　　　dgarrett@parrishgoodman.com
　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*