## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

Marnie Watts, Individually,
and on Behalf of Others Similarly
Situated,

    Plaintiff,

v.

Art of Dermatology, LLC,
Chethana Gottam, Individually,
and Vikram Gottam, Individually,

    Defendants.

_____

Case No. 2:23-cv-00979-JLB-KCD

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT**

Plaintiff Marnie Watts ("Plaintiff") and Defendants Art of Dermatology, LLC, Chethana Gottam, and Vikram Gottam ("Defendants"), jointly move the court for approval of an FLSA settlement agreement entered into in this action (the "FLSA Agreement"). Following approval of the FLSA Agreement, the parties will file a joint stipulation of dismissal of this action. Plaintiff and Defendants (collectively, the "Parties") agree that the terms reflected in the FLSA Agreement are mutually satisfactory and represent a fair and reasonable compromise of Plaintiff's FLSA claims. The Court's approval is a necessary step to consummate the FLSA Agreement between the Parties. The grounds for this joint motion are set forth in the following memorandum of law.

## MEMORANDUM OF LAW

A.   **BACKGROUND**

On November 1, 2023, Plaintiff filed a complaint against Defendants alleging that, *inter alia*, Defendants violated the Fair Labor Standards Act (the "FLSA") by failing to pay Plaintiff for all hours worked and failing to pay Plaintiff required statutory overtime wages. (DE 1). Defendants deny any and all liability to Plaintiff in connection with her FLSA claims, and further contend that there are meritorious defenses applicable to Plaintiff's FLSA claims, which, if raised, would bar all or part of her FLSA claims.

The Parties have recently engaged in settlement negotiations and reached terms of settlement that, if approved by the Court, would completely resolve all the FLSA claims by Plaintiff in this action.[1] The Parties now file this joint motion requesting the Court to approve the FLSA Agreement entered into by the Parties in this action. (A copy of the FLSA Agreement is attached hereto as Exhibit 1).

---

[1] In addition to her FLSA claims, Plaintiff asserted other causes of action against Defendants under the Florida Constitution, Florida Minimum Wage Act, and Florida contract law. (DE 1). Pending the approval of this joint motion, the Parties will have resolved these non-FLSA claims through a separate confidential settlement agreement. The separate settlement of these non-FLSA claims does not require judicial review. "[C]ourts have approved separating settlement of the FLSA and non-FLSA claims into separate agreements, even where the non-FLSA agreement was not submitted to the court." *Wilburn v. Paradise Lawns & Landscaping, Inc.*, No. 6:14-cv-1557-Orl-37TBS, 2015 WL 13793352, at *2 (M.D. Fla. Feb. 13, 2015), *report and recommendation adopted*, 2015 WL 13793264 (M.D. Fla. Feb. 19, 2015).

2

B. **LEGAL PRINCIPLES**

Judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food,*

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of Plaintiffs' success on the merits;

(5) the range of possible recovery; and

3

  (6) the opinions of the counsel.

See *Leverso v. South Trust Bank of Ala., Nat'l Ass'n,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, *2 (M.D. Fla. Jan. 8, 2007) (adopting *Leverso* factors in reviewing an FLSA settlement). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair," and remain aware "that a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Hamilton*, 2007 WL 328792, at *2 (internal citations omitted).

## C. LEGAL ANALYSIS

As discussed above, Defendants deny that they are liable to Plaintiff for overtime compensation. Plaintiff acknowledges that the settlement sum provided in the FLSA Agreement represents a fair and reasonable compromise of her FLSA claims. Accordingly, the settlement is fair.

Courts have found no fraud or collusion where all parties were represented by counsel, the amount allocated to the plaintiff was reasonable, and the parties stipulated that the settlement is fair and reasonable. *See Helms v. Cent. Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *4-5 (M.D. Fla. Dec. 26, 2006) (applying *Leverso* factors in FLSA settlement). The undersigned counsel represent to the Court that there was no fraud or collusion.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. The Parties disagree over the merits of the FLSA claims asserted by Plaintiff. Plaintiff claims she was

suffered or permitted to work overtime because she worked more than 40 hours per week but received no overtime compensation for such work. Defendants contend that Plaintiff was properly classified as exempt from minimum wage and overtime requirements pursuant to Section 213(a) of the FLSA, and in any case that she cannot prove her entitlement to the hours of overtime she claims. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. The Parties began settlement discussions in March 2024, shortly after the Preliminary Pretrial Conference with Magistrate Judge Dudek. The Parties engaged in extensive discussions about their factual positions, the relevant legal claims and defenses, and potential resolution. Indeed, due to the extensive, ongoing settlement negotiations, the Parties repeatedly requested that this Court extend the deadline to add or join parties or amend pleadings to preserve resources while productive settlement discussions were ongoing and information was exchanged. (DE 29, 31, 33).

The Parties reached a resolution of the disputed FLSA claims, with Plaintiff receiving amounts resolving her claims for back wages she contends she was owed, as well as an amount for liquidated damages, and a release of her FLSA claims, while Defendants are ceasing to incur further time or costs in defending this action (despite that they maintain that they are not liable to Plaintiff for any unpaid wages). In

agreeing upon the proposed FLSA Agreement, due to their extensive discussions and with the aid of Rule 26 disclosures, the Parties had sufficient information and have conducted an adequate investigation to allow them to make educated and informed analyses of the claims. Courts approve settlements early in FLSA cases in these circumstances, recognizing that "early resolution of FLSA claims are encouraged, and extensive discovery typically is unnecessary." *Helms,* 2006 WL 3858491, at *4.

The settlement reached in this case did not involve coercion, collusion, or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendants.

Finally, this Court should also approve the attorneys' fees and costs provision of the FLSA Agreement because the Parties complied with *Bonetti v. Embarq Management* and negotiated Plaintiff's fees and costs independently and seriatim of the settlement of Plaintiff's FLSA claims. 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("If [plaintiff's recovery and plaintiff's counsel's fees] are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.").

WHEREFORE, Defendants and Plaintiff respectfully request that the Court approve the FLSA Agreement entered into by the parties.

### RULE 3.01(g) CERTIFICATION

In accordance with M.D. Fla. Local Rule 3.01(g), Defendants' counsel has conferred with Plaintiff's counsel in a good-faith effort to resolve the issues raised by this motion. Plaintiff's counsel states that Plaintiff <u>does not oppose</u> the relief sought by this motion and joins in the motion.

Date: June 4, 2024

Respectfully submitted,

<div style="display: flex;">

<div>

/s/ Robert H. Goodman
Robert H. Goodman, Lead Counsel
FL Bar No. 1008059
Joseph E. Parrish
FL Bar No. 690058
Megan E. Shaw
FL Bar No. 103174
Parrish & Goodman, PLLC
13031 McGregor Blvd., Suite 8
(813) 643-4529 (telephone)
(813) 315-6535 (facsimile)
rgoodman@parrishgoodman.com
mshaw@parrishgoodman.com
jparrish@parrishgoodman.com
kcumbee@parrishgoodman.com
dgarrett@parrishgoodman.com

*Attorneys for Plaintiff*

</div>

<div>

/s/ Reed L. Russell
Reed L. Russell, Lead Counsel
FL Bar No. 0184860
Julie A. Girard
FL Bar No. 0214372
PHELPS DUNBAR LLP
100 South Ashley Dr., Suite 2000
Tampa, Florida 33602-5311
(813) 472-7550 (telephone)
(813) 472-7570 (facsimile)
reed.russell@phelps.com
julie.girard@phelps.com

and

Robert A. Boonin
*(admitted pro hac vice)*
Dykema Gossett PLLC
2723 South State Street, Suite 400
Ann Arbor, Michigan 48104-6188
Telephone: (734) 214-7650
Facsimile: (866) 886-0548
Email: rboonin@dykema.com

*Attorneys for Defendants*

</div>

</div>