UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARNIE WATTS, individually and
on behalf of others similarly
situated,

    Plaintiff,

v.                                        Case No.:  2:23-cv-979-KCD

ART OF DERMATOLOGY, LLC,
CHETHANA GOTTAM and
VIKRAM GOTTAM,

    Defendants.
_____/

## ORDER

Before the Court is the parties' Joint Motion for Approval of FLSA Settlement Agreement. (Doc. 36.) For the reasons below, their motion is granted.

## I. Background

Plaintiff Marnie Watts previously worked for Defendant Art of Dermatology, LLC. (Doc. 1.) Following her separation, Plaintiff brought this suit under the Fair Labor Standards Act. She claims that Art of Dermatology and its owners/managers, Defendants Chethana and Vikram Gottam, did not pay her minimum wage or overtime as required. The complaint seeks unpaid wages plus liquidated damages and attorneys' fees.

Defendants deny they violated the FLSA. They also raise several affirmative defenses that would otherwise limit (or preclude) Plaintiff's claims. (Doc. 7.)

The parties now move the Court to approve their settlement. They explain that several issues were disputed, litigating the case would be expensive and time consuming, and a bona fide dispute existed that led both sides to conciliation. (*See* Doc. 36.) Thus, according to the parties, the settlement is a reasonable and fair compromise. As for specifics, Defendants will pay Plaintiff $16,250.88 for back wages and liquidated damages. This sum also includes $5,000 for costs and fees. (*See* Doc. 36-1.)

## II. Legal Framework

The FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endanger[ ] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). If an FLSA violation is shown, the employer must generally pay the damaged employee unpaid wages, an equal amount as liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 216(b).

Following the Eleventh Circuit's decision in *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), courts in this district have taken the view that "suits to recover back wages under the FLSA may be settled only

with the approval of the district court." *Flood v. First Fam. Ins., Inc.*, 514 F. Supp. 3d 1384, 1386 (M.D. Fla. 2021). Under *Lynn's Food* and its progeny, the parties to an FLSA settlement must present their agreement for a fairness evaluation. If the agreement reflects a fair and reasonable compromise of their dispute, the court may approve it. *See, e.g.*, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013).

There is no standard test or benchmark to measure a settlement's fairness. Courts instead look to a variety of factors, including (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Courts weigh these factors against a background presumption that the parties reached a fair agreement. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

### III. Discussion

Based on the parties' representations and a review of the record (Doc. 1, Doc. 36, Doc. 36-1), the proposed settlement appears to be a fair and reasonable compromise of a disputed claim. Plaintiff was represented by experienced counsel who had sufficient time and information to evaluate the potential risks

3

and benefits of settlement. Plaintiff also attests that she entered into the agreement knowingly and voluntarily. While denying liability, and raising the specter of several defenses, Defendants have agreed to pay a significant sum to settle the outstanding claims.

There is no stated or apparent collusion. Without a settlement, the parties would need to continue discovery, possibly engage in dispositive motion practice, and proceed to trial, and Plaintiff would risk receiving nothing. The parties and their counsel believe this is a reasonable settlement.

Regarding attorneys' fees and costs, given Plaintiff's representation that she agreed on these sums separately from the damages, the Court need not undertake a detailed review. And in any event, the fees and costs appear reasonable considering the time expended in the case and the typical hourly rates charged for such services. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

By all accounts, this was an arms-length settlement negotiated between represented parties who had full knowledge of the stakes and agreement. Against this backdrop, the Court is without reason to reject the settlement. *See id.* at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."). Accordingly, it is now **ORDERED**:

1. The Joint Motion for Approval of FLSA Settlement Agreement. (Doc. 36) is **GRANTED**;

2. The case is **DISMISSED WITH PREJUDICE** as per the parties' agreement; and

3. The Clerk is directed to close the case.

**ENTERED** in Fort Myers, Florida on June 24, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

5